Robert R. Ridl, CPA Principal State Auditor 1200 Lincoln Street, Room 601 Denver, Colorado 80203
Dear Mr. Ridl:
This is in reply to your letter of January 23, 1980 requesting an opinion as to whether an independent certified public accountant retained by the governing body of a local government is entitled to examine personal property schedules and accompanying exhibits and documents on file in the county assessor's office. Your inquiry arose because a local independent certified accounting firm was recently denied access to such records during an audit conducted of a county government pursuant to the Colorado Local Government Audit Law (C.R.S. 1973, 29-1-601 et seq.).
QUESTION PRESENTED AND CONCLUSION
The question you presented for an attorney general's opinion is as follows: "May a county assessor deny access to personal property tax schedules, pursuant to C.R.S. 1973, 39-5-120, during the course of an audit by an independent certified public accountant retained by the governing board of a local government?"
 My conclusion is "yes," a county assessor may legally deny such access.
ANALYSIS
C.R.S. 1973, 39-5-120, the controlling statute, reads as follows:
 39-5-120. Tax schedules endorsed and filed — availability for inspection. All personal property schedules and exhibits or statements attached thereto returned to or secured by the assessor shall be endorsed with the name of the person whose taxable personal property is listed therein and shall be filed in either alphabetical or numerical order and retained for a period of six years, after which time they may be destroyed. Such schedules and accompanying exhibits or statements shall be considered private documents and shall be available on a confidential basis only to the assessor and the employees of his office, the treasurer and the employees of his office, the executive director of the department of revenue and the employees of his office, and the administrator and the employees of his office. Such exhibits or statements shall be available on a confidential basis to the board and the county board of equalization when information contained in such documents is pertinent to an appeal or protest.
Significantly, the legislature has provided that personal property schedules filed with or secured by the assessor are private documents and availably only on a confidential basis to a limited number of departments, boards, and individuals. An accountant retained by a local government to conduct an audit pursuant to C.R.S. 1973, 29-1-603(1) and (2) is not one entitled to the personal property schedules. Apparently, the legislature did not consider it necessary for an accountant to have access to such records to accomplish the audit of a local government. C.R.S. 1973, 2-3-107 reveals that the failure of the legislature to grant access to accountants conducting audits pursuant to the "Colorado Local Government Audit Law" was not an oversight. These records cannot even be made available to the state auditor or his designated representative as C.R.S. 1973, 2-3-107(2) pertinently states that:
 (2) The state auditor or his designated representative shall have access at all times, except as provided by sections 39-1-116, 39-4-103, and 39-5-120, C.R.S. 1973, to all of the books, accounts, reports (confidential or otherwise), vouchers or other records or information in any department, institution, or agency.
(Emphasis added.)
It is noteworthy that property schedules filed by public utilities with the property tax administrator, who is charged by statute to determine the valuation of public utilities, are also private documents and are available only to the administrator, the employees of the division of property taxation and assessors (C.R.S. 1973, 39-4-103(2)). The legislature has therefore provided that personal property schedules filed in both offices of the state charged by statute with the valuation of personal property shall be private documents with limited access to certain designated offices and persons on a confidential basis. Should any person in an assessor's office or the administrator's office divulge or make known the contents of the personal property schedules, accompanying documents, and exhibits to any person not authorized by law the one so divulging such information would be subject to criminal penalties as C.R.S. 1973, 39-1-116 provides as follows:
 39-1-116. Penalty for divulging confidential information. Except when pursuant to an order of any court of competent jurisdiction, or as otherwise provided by law, any person who divulges or makes known in any way the contents of any private document, as specified in section 39-4-103 or in section 39-5-120, to any person not authorized to have access to such documents is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment.
Accordingly, it is the opinion of this office that county assessors cannot release or make known the contents of personal property schedules and exhibits or statements attached thereto returned to or secured by the assessor to an accountant conducting a local governmental audit. The desirability of expanding access to others not now entitled to such information is a matter for the legislature to address if it deems it necessary.
SUMMARY
To briefly summarize, it is my opinion that county assessors cannot release or make known the contents of personal property tax schedules to an accountant conducting a local government audit.
Very truly yours,
 J.D. MacFarlane Attorney General
OPEN RECORDS PRIVILEGED INFORMATION AUDIT
C.R.S. 1973, 29-1-601
C.R.S. 1973, 39-5-120
C.R.S. 1973, 2-3-107(2) C.R.S. 1973, 39-1-116
LEGISLATIVE BRANCH Auditor, Office of State LOCAL AFFAIRS, DEPARTMENT OF Property Taxation, Div. of
Holding that county assessors cannot release or make known the contents of personal property tax schedules filed with the Assessor to an accountant not an employee of the assessor's office who has been retained to conduct a local government audit.